

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# USA v. Mercado

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3351

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mercado" (2009). *2009 Decisions.* Paper 1656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3351

UNITED STATES OF AMERICA

v.

ALEX MERCADO, Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-02-cr-00673-001)
District Judges: Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2009

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: March 27, 2009)

OPINION

AMBRO, Circuit Judge

Alex Mercado appeals the District Court's denial of his motion for a modification

of his sentence in light of the retroactive amendments to the crack cocaine Sentencing

Guidelines.  His attorney has moved to withdraw his representation under *Anders v.*

*California*, 386 U.S. 738 (1967).  We grant the motion to withdraw and affirm the District

Court's order.[1]

Because we write solely for the parties, we recount only the facts necessary to our decision. On July 16, 2003, Mercado pled guilty to one count of conspiracy to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and to one count of possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The controlled substances involved in the first count, 35 kilograms of powder cocaine and 118 grams of cocaine base, amounted to an equivalent of 9,360 kilograms of marijuana, meriting a base offense level of 34 and a suggested range of 135 to 168 months' imprisonment under the Sentencing Guidelines in effect at that time. The possession of a firearm during a drug trafficking offense carried with it a mandatory five-year consecutive minimum sentence. When combined, the suggested Guidelines range was 195 to 228 months' imprisonment. However, the District Court departed from this range in light of the Government's motion for a reduction based on Mercado's "substantial assistance." Ultimately, Mercado was sentenced in January 2004 to 124 months' imprisonment and five years' supervised release.

On November 1, 2007 and May 1, 2008, amendments to U.S.S.G. § 2D1.1 became effective, generally reducing the base offense levels for most quantities of crack cocaine by two levels. *See* U.S.S.G. app. C, amends. 706, 715. Because these amendments

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

applied retroactively, Mercado was potentially eligible for a reduction of his sentence. *See* U.S.S.G. § 1B1.10(c). In July 2008, he moved to have his sentence reduced under 18 U.S.C. § 3582(c)(2). The District Court denied the motion, holding that Mercado was ineligible for the two-level reduction in his offense level because granting that reduction would result in his receiving a lower offense level than he would if he were just sentenced for the powder cocaine offense. *See* U.S.S.G. § 2D1.1 n.10(D)(ii)(II).

Despite his attorney's determination that there existed no nonfrivolous issues for appeal, Mercado insisted on filing an appeal, in effect challenging the District Court's denial of his motion to reduce his sentence. His counsel filed an *Anders* brief, seeking to withdraw his representation. Mercado declined to file a *pro se* brief.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, then we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We are satisfied that trial counsel's *Anders* brief is adequate and that there are no nonfrivolous grounds on which to challenge the District Court's denial of Mercado's

3

motion for sentence reduction. We agree with his counsel that the District Court correctly held that Mercado was ineligible for a sentence reduction under the retroactive amendments to the crack cocaine Sentencing Guidelines.[2]

While the amendments to U.S.S.G. § 2D1.1 lower the base offense level for most offenses involving crack cocaine, they do not apply here. Note 10 to U.S.S.G. § 2D1.1 provides in pertinent part that the two-level reduction "shall not apply" when "the [two]-level reduction results in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substances other than the cocaine base)." U.S.S.G. § 2D1.1 n.10(D)(ii)(II). The base offense level for only the "other substance" in this case—five kilograms of powder cocaine—was 34. That was the same base offense level as Mercado received for the combined offenses. Thus, the District Court correctly held that Mercado's sentence was ineligible for a two-level reduction.

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous grounds for appeal, we grant counsel's motion to withdraw and affirm the judgment entered by the District Court. In addition, we certify that the issues presented in this appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

[2] We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008).

4