

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2009

# USA v. Michael Mack

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Michael Mack" (2009). *2009 Decisions.* Paper 1247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2883
_____

UNITED STATES OF AMERICA

v.

MICHAEL MACK,
                                                Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-06-cr-00271-001)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2009

Before: RENDELL, FUENTES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 2, 2009)

_____

OPINION
_____

PER CURIAM

     Michael Mack appeals from the district court's denial of his motion to modify his

sentence filed pursuant to 18 U.S.C. § 3582.  For the following reasons, we will affirm

the judgment of the district court.

On August 9, 2006, a grand jury returned an indictment against Mack charging him with possession of cocaine base (crack) and various firearm offenses. On October 17, 2006, Mack pleaded guilty to distribution and possession with intent to distribute an unspecified quantity of cocaine base (crack). In the plea agreement, the parties agreed to recommend to the court that Mack was involved in the distribution of less than five grams of cocaine base, that he is a career offender under the sentencing guidelines resulting in an offense level of 32 and a criminal history category of VI, and that a sentence within the guideline range is reasonable. (Supp. App. 16.)

The pre-sentence investigation report concluded that Mack had two prior convictions that qualified him as a "career offender" pursuant to U.S.S.G. § 4B1.1. The report also found that Mack's offense level was 29 and criminal history category was VI, resulting in a guideline imprisonment range of 151 to 188 months. The government filed a motion for a downward departure for substantial assistance under U.S.S.G. § 5K1.1, recommending a two-level departure to a guideline range of 130 to 162 months' imprisonment, and the government specifically recommended in the motion that the court impose a sentence of 132 months' imprisonment. (Supp. App. at 42, 44.) Mack filed a sentencing memorandum requesting that the court impose a sentence below the guideline range based on the factors set forth in 18 U.S.C. § 3553(a), including the crack-powder cocaine differential. (Supp. App. at 30-39.)

The district court ultimately imposed a sentence of 96 months' imprisonment,

noting that it was departing from the guideline range based on: its determination that Mack's criminal history category significantly overrepresented his actual criminal history; Mack's cooperation with the government; his addiction to controlled substances and; the disparity in the punishment between offenses involving crack cocaine and powder cocaine. The 96-month sentence represented a 36-month variance from the sentence the government recommended in its motion for a downward departure for substantial assistance.

In November 2007, the Sentencing Commission amended the crack cocaine guidelines by reducing the base offense levels for crack cocaine offenses under § 2D.1(c) by two levels. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). The Sentencing Commission declared the amendment to be retroactive. Id. On March 21, 2008, Mack filed a motion for modification of his sentence under the retroactive crack-cocaine amendments. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.[1] The district court denied the motion, reasoning that it imposed a sentence that varied from the guidelines pursuant to § 3553(a) and United States v. Booker, 543 U.S. 220 (2005). Mack filed a timely pro se notice of appeal from that order.

We have jurisdiction over the district court's final order pursuant to 28 U.S.C.

---

[1] Under § 3582(c)(2), which discusses reduction of a sentence that has been lowered by the Sentencing Commission, a court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

§ 1291 and 18 U.S.C. § 3742. We exercise de novo review over the district court's interpretation of the Sentencing Guidelines. See United States v. Wood, 526 F.3d 82, 85 (3d Cir. 2008). We review the court's decision to deny a defendant's motion to reduce a sentence pursuant to § 3582(c) for abuse of discretion. See Mateo, 560 F.3d at 154.

Mack argues that the district court abused its discretion by refusing to reduce his sentence two levels under the amendments to the Sentencing Guidelines. The Government counters by arguing that Mack was sentenced as a career offender under § 4B1.1. and thus the lowering of the base offense level under § 2D1.1(c) has no effect on his sentence. As we explained in Mateo, "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." Id. Here, as in Mateo, Mack's sentencing range was determined based on his status as a career offender under § 4B1.1 and not under § 2D1.1. Therefore, as in Mateo, the amendment to § 2D1.1(c) does not authorize a reduction in his sentence. Id. at 155.

Mack's reliance on United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008), is inapposite. In that case, the sentencing judge, pre-Booker, found that Pointdexter's career offender designation overrepresented the total offense level in his case. Id. at 579. Accordingly, the judge departed downward from level 34 to level 27, which was the offense level Pointdexter would have faced absent the career offender designation. Id. at 581. This new offense level was based on § 2D1.1. Id. at 582.

4

Here, while the sentencing judge noted that he was departing from the recommended guideline range because Mack's "career offender status substantially over-represents the seriousness of [his] criminal history," ultimately the court did not lower the total offense level and sentenced Mack as a career offender pursuant to § 4B1.1. (Supp. App. at 43.) Thus, instead of declining to apply § 4B1.1, as the court did in <u>Pointdexter</u>, the court exercised its discretion under § 3553(a) and <u>Booker</u> to depart from the recommended guideline range. (<u>Id.</u> at 40.) Therefore, the amendment to the crack-cocaine guidelines does not affect Mack's total offense level.

For the foregoing reasons, we will affirm the district court's order denying Mack's motion to reduce his sentence. Mack's motion requesting appointment of counsel is denied.