OPINION

SLOVITER, Circuit Judge.
Juan Porter, who pled guilty to acting as an accessory after the fact to a Hobbs Act robbery, appeals his sentence, challenging the calculation of his criminal history score. We will affirm.
I.
Porter was in the getaway vehicle to which David McKenzie fled after committing an armed robbery of a Chinese restaurant on April 18, 2004. He subsequently pled guilty to being an accessory after the fact to the crime of Hobbs Act robbery, in violation of 18 U.S.C. § 3. The pre-sentence report (“PSR”)[1] assigned Porter a criminal history category of VI, based on his four previous juvenile adjudications and three previous adult convictions. At issue are the three adult convictions. First, Porter was arrested on December 7, 2003, while driving a stolen car, and was convicted in New Jersey state court for receiving stolen property *162 and sentenced on November 9, 2004, to three years imprisonment. Second, he was arrested on December 30, 2003, for possession with intent to distribute heroin, was convicted, and was sentenced on November 9, 2004, to three years imprisonment to run concurrently to the receipt of stolen property offense. Finally, he was arrested on February 11, 2004, for resisting arrest and was sentenced on November 9, 2004, to 18 months imprisonment to run concurrently with the aforesaid two sentences.
At his sentencing for the instant offense, Porter’s counsel argued that the three convictions were related, and should be so treated. He argued, as he does here, that the offenses leading to Porter’s three previous adult convictions had occurred within a two-month range between December 2003 and February 2004, that Porter was sentenced for all three offenses on the same day, and that the sentences were to run concurrently. The District Court held they were not related, noting that the nature of each offense was different, ranging from receiving stolen property to drug possession and resisting arrest, and that Porter was arrested separately for each offense although his sentencing for all three crimes took place on November 9, 2004.
Porter does not challenge the calculation of his offense level. On appeal, Porter contends only that the District Court erred in calculating his criminal history score by declining to treat his three adult convictions as related pursuant to § 4A1.2(a)(2) of the Sentencing Guidelines.
II.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review a defendant’s challenge to a sentence under 18 U.S.C. § 3742(a). When a sentencing appeal is based on an allegedly improper calculation of the Guidelines range, we engage in plenary review of the district court’s interpretation of the Guidelines, and scrutinize any findings of fact used in the calculations for clear error. United States v. Wood, 526 F.3d 82, 85 (3d Cir.2008).
III.
Section 4A1.2(a)(2) of the 2006 Sentencing Guidelines instructed that prior sentences imposed in related cases should be counted as one sentence for the purposes of calculating a defendant’s criminal history score. U.S.S.G. § 4A1.2(a)(2). Application Note 3 to § 4A1.2(a)(2) further instructed that
[pjrior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.
Id. at cmt. n.3.
Addressing this language in United States v. Hallman, 23 F.3d 821, 825 (3d Cir.1994), we held that a district court may properly refuse to treat a defendant’s two prior convictions as related when the defendant was arrested separately for each of the underlying offenses, even when the sentencing for these crimes had been consolidated. Subsequently, in United States v. Hankerson, 496 F.3d 303, 311 n. 5 (3d Cir.2007), we explained that Hallman stood for the proposition that a sentencing court need not consider the three alternative ways of finding consolidation of prior offenses if it found that a defendant’s prior offenses had been separated by intervening arrests.
*163 Thus, under the reasoning of Hallman and Hankerson, because Porter’s three previous offenses were separated from each other by intervening arrests, the District Court did not err in declining to treat them as related pursuant to § 4A1.2(a)(2) of the 2006 Sentencing Guidelines.
Porter also appears to raise other challenges to his sentence. However, his plea agreement contains an agreement “not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein,” except that he “reserved any right [he] may have under 18 U.S.C. § 3742 to appeal the sentencing court’s determination of the criminal history category.” App. at 18. In light of that waiver, we need not consider Porter’s other challenges.
IY.
For the above-stated reasons, we will affirm the sentence imposed by the District Court.

. Porter's plea agreement stipulated that the version of the Sentencing Guidelines that became effective on November 1, 2006 governed his plea.