OPINION OF THE COURT
LOURIE, Circuit Judge.
Eddie Martinez appeals from the judgment of the United States District Court for the District of New Jersey sentencing him to 70 months in prison for drug trafficking and firearm offenses. We will affirm.
I. BACKGROUND
On August 6, 2007, Martinez pled guilty to one count of conspiracy to distribute and possess with intent to distribute over 500 grams of cocaine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(l)(B)(ii) in violation of 21 U.S.C. § 846 and one count of possession of a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Martinez’s Pre-Sen-tencing Report calculated a combined offense level of 27 under the Sentencing Guidelines. Martinez’s plea agreement stipulated to an offense level of 25 based on (1) a downward adjustment of two levels for accepting personal responsibility pursuant to Guideline § 3El.l(a) and (2) a downward adjustment of one level for timely agreeing to enter a plea pursuant to § 3El.l(b). The District Court accepted the stipulated total offence level of 25 at Martinez’s sentencing hearing on November 20, 2007.
At the hearing, the District Court also calculated a criminal history category of three based on five criminal history points. In so doing, the Court rejected Martinez’s argument that a drug-related conviction in which he was sentenced under North Carolina’s Youthful Offender Act qualified as a juvenile rather than as an adult conviction. The Court thus assigned three criminal *314 history points for that conviction under Sentencing Guideline § 4A1.2(d)(l).
Finally, the District Court denied Martinez’s motions for two further downward departures, one under Guideline § 5H1.6 for extraordinary family circumstances and another under § 5K2.0 for providing assistance to law enforcement. With regard to his family circumstances, the Court found that Martinez had made no more than a generic argument that his family will suffer hardship as a result of his incarceration. With regard to assisting law enforcement, the Court found that the assistance did not rise to such a level as to take it out of the heartland of the Guidelines for purposes of § 5K2.0 and that granting the motion would require the Court to substitute its judgment for that of the United States Attorney, who had declined in this case to file a motion in support of a departure for providing substantial assistance to authorities under § 5K1.1. The Court recognized its discretion to grant a departure but nevertheless, for both motions, declined to exercise that discretion, resulting in a final Guideline range of 70 to 87 months imprisonment.
The District Court sentenced Martinez to 70 months in prison and four years of supervised release. Martinez appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
II. DISCUSSION
When reviewing a sentence, this Court must first “ensure[ ] that the district court committed no significant procedural error” and “then, at stage two, consider its substantive reasonableness.” United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir.2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Where a defendant challenges the calculation of the Guidelines’ range, this Court reviews a district court’s interpretation of the Sentencing Guidelines de novo and reviews any findings of fact used in the calculation for clear error. United States v. Wood, 526 F.3d 82, 85 (3d Cir.2008).
Martinez alleges three errors in the District Court’s sentencing decision. First, Martinez argues that the District Court incorrectly added three points to his criminal history by including a conviction in which he was sentenced as a Committed Youthful Offender under North Carolina law and served only two months. Second, Martinez alleges that the District Court abused its discretion in denying a motion for a downward departure under Sentencing Guideline § 5H1.6 based on his extraordinary family circumstances, and specifically his close relationship with and positive influence on his children. And finally, Martinez alleges that the Court abused its discretion in denying a motion for a downward departure for his cooperation with the government under Guideline § 5K2.0 despite the government’s refusal to submit a motion under § 5K1.1.
The government responds that the District Court correctly added three points to Martinez’s criminal history under Sentencing Guideline § 4A1.2(d)(l) because Martinez’s drug conviction at age 17 was an adult conviction under North Carolina law, for which he received an 18-month sentence. With regard to the District Court’s denial of downward departures under § 5H1.6 and § 5K2.0, the government argues that this Court does not have jurisdiction to review such discretionary denials.
We agree with the government that the District Court did not err in assigning three points to Martinez’s criminal history under § 4A1.2(d)(1) based on his drug-related conviction in North Carolina. The District Court committed no clear error in finding that Martinez’s North Carolina conviction was an adult conviction. See *315 Wood, 526 F.3d at 85. Martinez acknowledged that he was over 16 years of age at the time he committed the offense, making him subject to prosecution as an adult under North Carolina law. N.C. Gen.Stat. § 7B-1604. Moreover, sentencing as a Committed Youthful Offender does not negate the effect of an adult conviction under the Guidelines. Finally, the fact that Martinez served only two months is irrelevant. The conviction imposed an 18-month sentence, meeting § 4A1.2(d)(l)’s requirement that the sentence imposed exceed one year and one month.
We also agree with the government that we do not have jurisdiction to review the District Court’s discretionary decision not to grant two further downward departures. See United States v. Vargas, 477 F.3d 94, 103 (3d Cir.2007). We do, however, have jurisdiction when a district court mistakenly believes that it lacked the discretion to grant a departure. Id. In this case, Judge Joel Pisano explicitly stated at the sentencing hearing that he recognized that he had, but would not exercise, the discretion to grant Martinez’s motions for downward departures under § 5H1.6 and § 5K2.0. As such, we lack jurisdiction to review the District Court’s denial of Martinez’s motions.
III. CONCLUSION
For the foregoing reasons, we will affirm the District Comb’s sentencing judgment.