**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2327

———————

UNITED STATES OF AMERICA

v.

COREY LEWIS,
                                    Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-03-cr-00061-001)
District Judge:  Honorable Christopher C. Conner

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2010)

———————

OPINION

———————

PER CURIAM

Corey Lewis appeals from the District Court's denial of his motion to modify his

sentence filed pursuant to 18 U.S.C. § 3582(c).  For the following reasons, we will affirm

the judgment of the District Court.

Lewis pled guilty to one count of distribution and possession with intent to distribute "crack" cocaine and one count of being a felon in possession of a firearm. Due to Lewis's two prior drug convictions, the pre-sentence report designated him as a career-offender under United States Sentencing Guideline § 4B1.1. On December 17, 2003, the District Court sentenced Lewis as a career offender to 151 months of imprisonment.

In November 2007, the Sentencing Commission amended the crack cocaine guidelines by reducing the base offense levels for crack cocaine offenses under § 2D.1(c) by two levels. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). The Sentencing Commission declared the amendment to be retroactive. Id. In April 2009, Lewis sent the District Court a letter concerning the "crack law" and inquiring whether his former court-appointed attorney still represented him or whether the federal public defender would "put the crack law motion in for [him]?" The District Court treated this letter as a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and, citing Lewis's career offender status, denied it. Lewis filed a timely notice of appeal.

We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise de novo review over the District Court's interpretation of the Sentencing Guidelines. See United States v. Wood, 526 F.3d 82, 85 (3d Cir. 2008). We review a court's decision to deny a defendant's motion to reduce a sentence pursuant to § 3582(c) for abuse of discretion. See Mateo, 560 F.3d at 154.

The District Court did not abuse its discretion in denying Lewis's motion.[1]  As the Government points out, Lewis was sentenced as a career offender under § 4B1.1 and thus the lowering of the base offense level under § 2D1.1(c) has no effect on his sentence.  As we explained in Mateo, "[t]o be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level."  Id.  Here, as in Mateo, Lewis's sentencing range was determined based on his status as a career offender under § 4B1.1 and not under § 2D1.1.  Therefore, as in Mateo, the amendment to § 2D1.1(c) does not authorize a reduction in his sentence.  Id. at 155.

For the foregoing reasons, we will affirm the District Court's order denying Lewis's motion to reduce his sentence.

---

[1] Lewis argues that the District Court erred in treating his letter as a motion to reduce his sentence.  While the letter did not contain any substantive arguments, Lewis asked the court about the "crack law."  We perceive no error in the District Court's treatment of the letter as a motion particularly because the question in Lewis's case is simply whether he is eligible for reduction under the amendment to the crack-cocaine guidelines.  Because he is plainly ineligible, there are no further arguments he, or appointed counsel, could make in a more formal § 3582(c) motion.  To the extent that Lewis again asks for appointment of counsel in this Court in his informal brief, we deny that as well.