NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-3724

———

UNITED STATES OF AMERICA

v.

CHRISTOPHER SANCHO,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-00479-003)
District Judge: Honorable John E. Jones, III

———

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before: SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 16, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge.*

Appellant Christopher Sancho, who was sentenced to forty-eight months imprisonment after pleading guilty to a one-count information charging him with use of a communication facility (telephone/cell phone) to facilitate drug trafficking in violation of 21 U.S.C. § 843(b), appeals from his sentence. Sancho claims that the District Court erred in not granting him a two-level reduction at sentencing under U.S.S.G. § 2D1.1(b)(11), that the District Court abused its discretion by finding that Sancho was not truthful in his statements regarding his role in the offense, and that the District Court erred by denying him a three-level downward departure under U.S.S.G. § 3E1.1 for acceptance of responsibility.

## I.

### Facts and Procedural History

The maximum term of imprisonment for violation of 21 U.S.C. § 843(b) is four years. Shortly after the information was filed, Sancho and several co-defendants were named in a five-count Superseding Indictment charging various drug offenses.[1] The

---

[1] The indictment charged Sancho with violations of 21 U.S.C. § 841(a)(1) (distribution, possession with intent to distribute, and manufacture of crack cocaine), 18 U.S.C. § 1952(a)(3) (interstate travel in aid of drug trafficking and conspiracy to do the same), 21 U.S.C. § 843(b) (use of a communication facility to facilitate drug trafficking), and 21 U.S.C. § 846 (conspiracy to distribute fifty grams or more of crack cocaine).

2

Government agreed to dismiss the Superseding Indictment if Sancho pled guilty to the charge that was the subject of the earlier information and to recommend a three-level reduction, if warranted, for acceptance of responsibility. As noted earlier, Sancho did in fact plead guilty as agreed.

The Presentence Report ("PSR") calculated an offense level of twenty-seven for Sancho. The base offense level was thirty-two pursuant to U.S.S.G. § 2D1.1 because the drug distribution involved between 150 and 500 grams of crack cocaine. That base offense level was reduced two levels because the probation office believed that Sancho had met the safety valve requirements of U.S.S.G. § 2D1.1(b)(11), and another three levels for Sancho's acceptance of responsibility. The probation office accepted Sancho's representations that he was involved in the drug transaction at issue only as a favor to a friend, that it was an honest mistake which he never intended to go through with, and that he was never involved with the sale of drugs prior to this single incident. Sancho's guideline range based on an offense level of twenty-seven and a Criminal History Category I was seventy to eighty-seven months. However, because the statutory maximum imprisonment for the offense is four years, the recommended guideline sentence was forty-eight months. *See* U.S.S.G. § 5G1.2(a).

Sancho requested in his sentencing memorandum that the District Court provide a three-level reduction for acceptance of responsibility as well as a two-level reduction pursuant to the safety valve requirements, noting that the PSR found him eligible and

citing further evidence as to his entitlement. The Government responded, opposing the two-level reduction.

At sentencing, the District Court denied the two-level safety valve reduction stating (1) that a two-level reduction to the guideline range would still create a range in excess of the four-year maximum and (2) that, as a finding of fact, Sancho did not meet the requirements on the merits because he minimized his role in the incident and lied when he denied having participated in drug trafficking before. The District Court declined to find that Sancho accepted responsibility and further denied the three-level reduction as moot because the reduction would not bring Sancho's guideline below the four-year maximum. After considering the factors in 18 U.S.C. § 3553(a), the District Court imposed a sentence of forty-eight months imprisonment, a $100 special assessment, and a one-year term of supervised release. Sancho appeals his sentence.

## II.

### Jurisdiction and Standard of Review[2]

We review "the District Court's interpretation of the Sentencing Guidelines de novo and scrutinize[ ] any findings of fact used in the calculation for clear error." *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008) (internal citations omitted). "Because the sentencing judge 'is in a unique position to evaluate a defendant's acceptance of

_____

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

responsibility,' we give great deference on review to a sentencing judge's decision not to apply the two-level reduction for acceptance of responsibility to a particular defendant." *United States v. Barr*, 963 F.2d 641, 657 (3d Cir. 1992) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

### III.

### Discussion

Under U.S.S.G. § 5C1.2, the District Court may disregard a statutory minimum sentence in the case of an offense under 21 U.S.C. §§ 841, 844, 846, 960, or 963 when the defendant meets the five criteria listed:  (1) not having more than one criminal history point; (2) not using violence or possessing a firearm/dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to anyone; (4) the defendant was not a leader/organizer of others in the offense; and (5) the defendant has truthfully provided the Government all the information and evidence the defendant has concerning the offense.  Under U.S.S.G. § 2D1.1(b)(11), "[i]f the defendant meets the criteria set forth in subdivisions (1) – (5) of subsection (a) of § 5C1.2 . . . decrease [the base offense level] by 2 levels."

The District Court denied Sancho's request for the two-level safety valve reduction under U.S.S.G. § 2D1.1(b)(11) because the resulting guideline range would be well in excess of the forty-eight month maximum sentence.  This raises an issue of law.  Sancho argues that the two-level reduction should be made from the four-year statutory maximum

and not from the recommended guideline offense level. The District Court rejected that argument because it construed the language "decrease by 2 levels" to mean a reduction from the base offense level calculated before U.S.S.G. § 5G1.1(a) is applied. That is consistent with the plain language of § 2D1.1(b)(11) and § 5G1.1(a).

The District Court also stated that Sancho did not meet all of the criteria in § 5C1.2 because it believed that Sancho was not truthful regarding his role in the offense. The District Court made a specific finding that Sancho's "involvement was far greater than [he] want[s] to admit to at this point." App. at 71a. Although the Government did not object to the PSR, which included a summary of Sancho's interview with the probation officer where he claimed this was an honest, one-time mistake, in its response to Sancho's sentencing memorandum as well as in a proffer it made at sentencing, the Government repeatedly stated that it did not believe that Sancho had been truthful about his involvement in this offense and other drug-related activity.

In this case, the District Court found that Sancho had minimized his role. This is not clearly erroneous as the District Court supported this finding based on the evidence in the PSR as well as the proffer made by the Government, even though the proffer relied on what Sancho further calls "corrupt sources," namely Sancho's co-defendants.

The District Court by the time of Sancho's sentencing had presided over the sentencing of one of Sancho's co-defendants who the Government proffered would have testified that Sancho had been involved in numerous drug transactions. The Government

would also have presented two other witnesses who would have provided similar testimony. The District Court also supported its finding with evidence regarding taped phone calls that indicate Sancho had a greater involvement in the charged offense, as well as its belief that Sancho was being untruthful when he addressed the court. Thus, the District Court did not err by considering the proffer by the Government and the potential testimony of the "corrupt sources," and its decision not to apply § 2D1.1(b)(11) was not clearly erroneous.

We turn to Sancho's challenge to the District Court's rejection of Sancho's request for a three-level reduction for acceptance of responsibility. Sancho argues that the District Court did not consider his request. Sancho is mistaken. It is evident that the District Court *did* consider this request when it stated that "[i]t's essentially also a moot point because of the statutorily capped sentence of 48 months." App. at 77a. This is similar to the District Court's finding that the two-level safety valve reduction was inapplicable, because even with the reductions the guideline range would still be in excess of the statutory maximum. U.S.S.G. § 3E1.1(a) states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels," with an additional one-level reduction if the defendant meets the requirements in U.S.S.G. § 3E1.1(b).

The PSR included a three-level reduction in its calculation of an offense level of twenty-seven, which, when taken together with a Criminal History Category of I and the

7

two-level safety valve reduction, resulted in the guideline range of seventy to eighty-seven months, more than the statutory maximum. In addition, the District Court stated its difficulty believing that Sancho is eligible for the three-level reduction due to his constant attempts to minimize his role. This determination is reviewed for clear error, and we find none. Therefore, the District Court properly found that three-level reduction for acceptance of responsibility inapplicable.

## IV.

## Conclusion

For the reasons set forth, we will affirm the judgment of sentence.