NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4506
_____

UNITED STATES OF AMERICA

v.

JOSE LaBOY,
a/k/a MONKEY

Jose LaBoy,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-10-cr-00335-002)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 28, 2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Jose LaBoy was convicted of conspiracy to distribute cocaine.  He appeals his

judgment of conviction and sentence, and his counsel seeks to withdraw pursuant to

*Anders v. California*, 386 U.S. 738 (1967).  We will affirm and grant counsel's motion to

withdraw.

I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts that are necessary to our analysis.

LaBoy was the target of a police investigation into crack cocaine distribution in the Allentown, Pennsylvania area. The investigation included a series of controlled purchases of crack cocaine by a confidential informant who gathered evidence that was later seen and/or heard at trial. The informant, Leanna Breeland, delivered the gathered evidence to Detective Randy Fey after each controlled purchase, and all products purchased from LaBoy tested positive for cocaine. During the course of the investigation, LaBoy and his associates were seen producing crack cocaine and were heard discussing their business relationships with Breeland.

LaBoy was charged in an indictment filed in the Eastern District of Pennsylvania. After a jury trial, LaBoy was convicted of one count of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846; five counts of distribution of five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and five counts of distribution of five or more grams of cocaine base within 1,000 feet of school property in violation of 21 U.S.C. § 860(a). The District Court sentenced LaBoy to 72 months imprisonment followed by six years of supervised release.

LaBoy's timely appeal to this Court followed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Counsel may file a motion to withdraw representation under *Anders* if, after reviewing the record, he is "persuaded that the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). Our inquiry when counsel submits an *Anders* brief is twofold: (1) whether counsel thoroughly examined the record in search of appealable issues and explained why the issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id*. at 301 (quotation marks and citation omitted).

## III.

Counsel's *Anders* brief identifies five potentially appealable issues: (1) whether the District Court properly overruled hearsay objections to Detective Fey's testimony regarding what he heard while monitoring Breeland's transmitter during the drug buys in question; (2) the purported inaccuracies of transcriptions of recorded drug transactions; (3) whether the District Court correctly overruled objections that Breeland was improperly interpreting terms heard during recorded conversations with LaBoy;

3

(4) whether the government presented sufficient evidence to prove LaBoy conspired to sell crack cocaine; and (5) whether the sentencing proceeding, and outcome, were legal.

Because counsel's *Anders* brief appears to be thorough and adequate on its face, we now examine the arguments it presents.[1]

## A.

"Whether a statement is hearsay is a legal question subject to plenary review. If the district court correctly classifies a statement as hearsay, its application of the relevant hearsay exceptions is subject to review for abuse of discretion." *United States v. Price*, 458 F.3d 202, 205 (3d Cir. 2006) (internal citations omitted). We agree that LaBoy's hearsay objections regarding Detective Fey's testimony were properly overruled. An out of court statement is considered hearsay if it is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). LaBoy objected at trial to testimony given by Detective Fey on direct examination as to what he heard transmitted through a listening device placed on a confidential informant regarding a suspected drug transaction. The government responded that the testimony was not offered for the truth of the statements themselves, but was intended to explain subsequent actions taken by Detective Fey. The District Court correctly ruled that the testimony was admissible as background testimony showing Detective Fey's motivation for his subsequent course of conduct. *See Price*, 458

---

[1] On June 6, 2012, a copy of counsel's *Anders* brief was furnished to LaBoy, who was given time to raise any non-frivolous arguments in a pro se brief in response. LaBoy has failed to file such a brief.

4

F.3d at 210 (holding that police officers are permitted "to explain the background context for their arrival at a scene" and that such background statements are admissible non-hearsay "[w]hen the explanation cannot be effected without relating some contents of the information received").

## B.

At trial, LaBoy objected to the use of a transcription of a video recording entered into evidence. "[T]he standard of review for use of [a] transcript as a listening aid is an abuse of discretion." *United States v. DiSalvo*, 34 F.3d 1204, 1220 (3d Cir. 1994). The District Court provided a clear and precise limiting instruction to the jury in which it stated that the transcript was not evidence, but merely an aid to assist in viewing the recording. Any confusion that the transcript could have caused was cured through the use of this limiting instruction. *See Gov't of V.I. v. Martinez*, 847 F.2d 125, 128 (3d Cir. 1988) (approving use of transcript by jury because court provided limiting instructions that "properly advised the jury as to the limited role to be served by the transcript"). The District Court therefore did not abuse its discretion in overruling LaBoy's objection.

## C.

LaBoy also objected at trial to those portions of Breeland's testimony in which she explained aspects of her recorded conversations with LaBoy. We review evidentiary rulings for abuse of discretion. *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006). Under Federal Rule of Evidence 701, "lay witnesses may state their

5

understanding of the use of another person's statements 'only if rationally based on the perception of a witness and helpful either to an understanding of the testimony of the witness on the stand or to the determination of a fact in issue.'" *United States v. De Peri*, 778 F.2d 963, 977 (3d Cir. 1985) (quoting *United States v. Cox,* 633 F.2d 871, 875 (9th Cir. 1980)). Here, the District Court correctly allowed Breeland's testimony because it was limited in scope to the explanation of slang, abbreviations, nicknames, double meanings, and her understanding of what comments directed to her by the defendant actually meant. *See id.* (witness's testimony as to his understanding of tape-recorded conversations with defendant admissible because language used was "sharp and abbreviated, composed with unfinished sentences and punctuated with ambiguous references").

### D.

Counsel's *Anders* brief next discusses the possibility of a challenge to the sufficiency of the government's evidence to support a charge of conspiracy to distribute crack cocaine. "The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Iglesias*, 535 F.3d 150, 155 (3d Cir. 2008) (internal quotation marks omitted). In reviewing a jury verdict for sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict winner, *id.*, and will reverse such a verdict "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a

reasonable doubt." *United States v. Mussare*, 405 F.3d 161, 166 (3d Cir. 2005) (internal quotation marks omitted).

To prove conspiracy under 21 U.S.C. § 846, the government must show (1) unity of purpose between the alleged conspirators, (2) intent to achieve a common goal, and (3) an agreement to work together towards that goal. *Iglesias*, 535 F.3d at 156. The government provided substantial evidence showing a collaboration between LaBoy and other suspects. This evidence not only established the defendant's involvement in these transactions, but demonstrated his repeated planning and execution of the selling of crack cocaine by relying on his brother, John LaBoy, and Alberto Figueroa. A rational jury could have found that these multiple transactions established the existence of a conspiracy. We therefore agree with the District Court that this evidence was sufficient to support a charge of conspiracy to distribute crack cocaine.

E.

Finally, counsel's *Anders* brief discusses the sentence imposed on LaBoy by the District Court. We review de novo a district court's interpretation of the Sentencing Guidelines and scrutinize for clear error any findings of fact used in calculating the sentence. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). As counsel notes, the District Court's sentence did not exceed the statutory maximum (40 years), and did not upwardly depart from the guideline range recommended by the Presentence Report (87 to 108 months). At the sentencing hearing, the District Court considered the Presentence

7

Report, the arguments of both parties, and the relevant sentencing factors listed in 18 U.S.C. § 3553(a). The District Court's sentence was not in error.

IV.

For the reasons set forth above, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.