NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2004
_____

UNITED STATES OF AMERICA

v.

SETH WILLIAMS,
Appellant
_____

On Appeal from the District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-10-cr-00341-001
(Honorable Yvette Kane)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2014

Before: FISHER, SCIRICA and COWEN, *Circuit Judges*

(Filed: June 26, 2014)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Defendant Seth Williams was convicted following a jury trial of distribution and possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was acquitted of being a user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Williams appeals his convictions based on insufficiency of the evidence, the inconsistency between his two firearms convictions and his firearms acquittal, denial of his motion to suppress evidence seized during a search of his home, and his designation as a career offender resulting in a prison sentence of 360 months. We will affirm.[1]

## I.

On October 5, 2010, police officers responded to reports of a robbery at Williams's apartment. The officers surrounded the apartment and three individuals surrendered. Williams, whose hands and feet were bound with duct tape, was the apparent victim of the robbery. While conducting a protective sweep of Williams's apartment, officers noted a strong smell of marijuana and, once a warrant was obtained, searched the apartment. Officers found $6,960 in cash, three loaded handguns, three boxes of ammunition, small packets of marijuana, cocaine base, small glassine baggies, a razor blade, a spoon, and a digital scale.

Before trial, the District Court held a two-day suppression hearing but denied

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

Williams's motion to suppress, finding the initial cursory search to be a justified protective sweep and the subsequent search executed according to a valid search warrant.

At trial, the Government presented various witnesses, including a witness who testified she arranged the robbery, had seen Williams selling cocaine, and had traveled with him to buy cocaine in New York, and a witness who testified he sold Williams one of the guns found in his apartment. The officers who responded to the robbery testified to the strong odor of marijuana, the process of obtaining a search warrant, and what they found during execution of the warrant. The Government offered expert testimony regarding laboratory analysis of the drugs found in Williams's apartment and the interstate element of the drugs, guns, and ammunition found in the apartment.

On September 27, 2012, the jury found Williams guilty of all but the user of a controlled substance in possession of a firearm charge. Williams was designated a career offender because he was at least 18 when he committed the instant offense, the instant offense was a felony controlled substance offense, and he had two prior felony controlled substance convictions, and he was sentenced on March 21, 2013, to an aggregate term of 360 months in prison. He filed a timely notice of appeal.

**II.**

**A.**

Williams contends there was insufficient evidence to support his conviction for possession with intent to distribute cocaine and cocaine base. We review challenges to the sufficiency of the evidence "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a

3

reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (internal quotation marks and citation omitted).

At trial, the Government presented evidence that Williams lived in the apartment where the drugs were found and that cocaine packaged for distribution was found under his bed. Drug paraphernalia was also found in the apartment, and the Government offered expert testimony that this paraphernalia was probative of intent to sell cocaine.

Williams does not dispute his residence, nor that cocaine prepared for sale was found in his apartment. Instead, he maintains this evidence is insufficient to prove possession. He claims he had no knowledge of the drugs and that their location in his apartment does not satisfy the requisite element of control. Williams relies on *United States v. Brown*, 3 F.3d 673, 681 (3d Cir. 1993), which held that mere proximity is insufficient to establish dominion and control over illegal drugs. In that case, we found a drug possession charge could not be sustained solely on the basis of a defendant having a key to an apartment in which articles of her clothing were found in a separate room from where the drugs were found. But here Williams resided in the apartment—he characterized the apartment as his "home" and mail addressed to him was found there— the drugs and paraphernalia were found under his bed in the apartment's sole bedroom, and the jury heard testimony from a witness who stated she had seen Williams prepare drugs for sale in his apartment. *See Jackson v. Byrd*, 105 F.3d 145, 150 (3d Cir. 1997) (distinguishing *Brown* and finding defendant had control over drugs because she was lessee of apartment, had access to all parts of it, and drugs were found in a container she owned).

4

Because we review the evidence as a whole in the light most favorable to the prosecution, we hold that a jury could reasonably have inferred from the evidence that Williams knowingly had dominion and control over the drugs. Accordingly, the evidence was sufficient to support Williams's drug possession conviction.[2]

**B.**

Williams next argues his two firearms convictions are inconsistent with his firearms acquittal. Because each charge involved a separate firearms statute with its own distinct elements, we reject this argument.

The jury convicted Williams of possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under the former statute, the Government had to show that Williams committed a drug trafficking crime and knowingly possessed a firearm in furtherance of that crime. Under the latter statute, Williams had to be convicted of a prior felony and knowingly possess a firearm affecting interstate commerce after the prior conviction. The jury found that Williams satisfied the elements of these offenses.

Williams was acquitted of being a user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Use of a controlled substance was not an element of the other two firearms convictions, so the jury's acquittal had no effect on the

---

[2] Williams also challenges the sufficiency of the indictment because it did not list an amount of the controlled substances he was accused of possessing. But this contention lacks merit because the drug possession statute under which Williams was convicted, 21 U.S.C. § 841(a)(1), does not have as a required element the specific amount of the controlled substances possessed.

5

validity of the two other convictions.[3]  Accordingly, we find no inconsistency between Williams's firearms convictions and his firearms acquittal.

## C.

Williams next contends the District Court erred in denying his motion to suppress evidence.  We review the denial of a motion to suppress evidence *de novo* and factual findings for clear error.  *United States v. Kiam*, 432 F.3d 524, 527 (3d Cir. 2006).  We discern no error in the District Court's decision.

At the suppression hearing, the District Court found the following facts.  Officers responded to reports of a robbery at Williams's apartment.  Once they arrived on scene, they apprehended the suspects and conducted a protective sweep.  During the protective sweep, the officers detected a strong odor of marijuana coming from the apartment.  After Williams refused to allow the officers to search his apartment, they obtained a search warrant.

Williams raises two challenges to the validity of the search:  (1) whether the affidavit used to obtain the search warrant was valid, and (2) whether the search warrant's failure to comply with the Pennsylvania Rules of Criminal Procedure violated the Fourth Amendment of the U.S. Constitution.

Williams contends the affidavit used to obtain the warrant was invalid because it was based on evidence found during an illegal search and contained factual inaccuracies. The probable cause—a strong odor of marijuana—was detected during a valid protective sweep of Williams's apartment.  A protective sweep is a "quick and limited search of

---

[3] Because we find no inconsistency, we do not reach the Government's argument that inconsistencies, if present, could be reconciled.

premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). The officers in question were responding to a robbery at Williams's apartment and apprehended three suspects and Williams. Then, in order to ensure that no other individuals who might pose a danger to the officers were located inside the apartment, the officers conducted a brief sweep, during which they noticed a strong odor of marijuana and obtained a search warrant thereafter. Accordingly, Williams's argument that the affidavit used to obtain the warrant was based on an illegal search lacks merit.

Williams also argues the search warrant was invalid because it failed to comply with Rule 206(7) of the Pennsylvania Rules of Criminal Procedure.[4] We have held that evidence obtained in accordance with federal law is admissible in federal court even though it was obtained by state officers in violation of state law. *United States v. Rickus*, 737 F.2d 360, 363–64 (3d Cir. 1984). Accordingly, the validity of the search warrant will be tested under federal law—the Fourth Amendment. *United States v. Stiver*, 9 F.3d 298, 301 (3d Cir. 1993) ("Since we must judge the legality of the execution of the search warrant under federal law and since there is no federal statute governing the execution of warrants by state officers, the standard we must apply is that imposed by the Fourth Amendment as made applicable to the states by the Fourteenth Amendment.").

The Fourth Amendment "imposes a general requirement of reasonableness,

---

[4] Rule 206(7) of the Pennsylvania Rules of Criminal Procedure requires officers to provide an explanation for why they are seeking to execute a search warrant between the hours of 10 p.m. and 6 a.m. Pa. R. Crim. P. 206(7). The warrant in this case was issued at 5:29 a.m. and contained no explanation.

informed by the goals of preventing undue invasion of privacy and destruction of private property." *Id*. at 302 (citing *United States v. Nolan*, 718 F.2d 589, 602 (3d Cir. 1983)). The sole reason the officers were at Williams's apartment between the hours of 10 p.m. and 6 a.m. was to respond to a robbery. After obtaining probable cause during a protective sweep, they applied for a search warrant. The execution of the search warrant at 5:29 a.m. was not unreasonable and did not violate Williams's Fourth Amendment rights. Because the search warrant complied with federal law, we reject Williams's claim that the warrant's failure to comply with Pennsylvania Rule of Criminal Procedure 206(7) rendered it invalid.

## D.

Williams challenges his sentence on two grounds: his designation as a career offender and his offense level enhancements. We review the District Court's interpretation of the Guidelines *de novo* and any findings of fact used in the Guidelines calculation for clear error. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). Because Williams was correctly designated a career offender and sentenced in accordance with the Sentencing Guidelines, we reject his contentions.

Williams was designated a career offender because of his 1991 and 1995 felony convictions for possession of cocaine with intent to distribute. Under U.S.S.G. § 4A1.2(e)(1), any prior sentence exceeding 13 months imposed in the previous 15 years may be used to calculate criminal history. Section 4A1.2(e)(1) also provides that any prior sentence exceeding 13 months, whenever imposed, should be counted if the defendant was incarcerated as a result of that conviction at any point during the previous

8

15 years. Assuming, as the Government does, that the latest Williams commenced his instant sentence was October 5, 2010, any sentences exceeding 13 months imposed or served after October 5, 1995, would be counted in determining Williams's career offender designation.

Williams was convicted of the first offense in 1991 and paroled in 1994. But his parole was revoked in 1996, and he was ordered to serve the balance of his sentence after October 5, 1995. Section 4A1.2(k) of the Guidelines renders this conviction usable as a predicate offense for his career offender designation. And because he was not paroled for his July 1995 conviction until 2002, that conviction is also within the time limit and may be used as a predicate offense. We also reject Williams's argument that because his 1991 and 1995 convictions were not crimes of violence they should not be used to classify him as a career offender. Under U.S.S.G. § 4B1.1(a), the two prior felony convictions can be either crimes of violence or controlled substance offenses, and Williams's prior felony convictions were for controlled substance offenses. Accordingly, Williams was properly classified as a career offender.

Williams's challenges to his enhancements must also be rejected. His Guideline range was based on his career offender status. Williams was correctly designated a career offender because he was convicted of an 18 U.S.C. § 924(c) violation in addition to other counts and because he received no acceptance of responsibility reduction. Williams satisfied the necessary criteria under U.S.S.G. § 4B1.1(c), and an aggregate sentence of 360 months was correctly imposed.

**III.**

9

For the foregoing reasons, we will affirm the judgment of conviction and sentence.