CLD-203                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1696
_____

UNITED STATE OF AMERICA

v.

PAUL N. JOHNSON,
                                                Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:94-cv-00145-001)
District Judge:  Honorable Sylvia H. Rambo

_____


Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2010

Before:  BARRY, FISHER and GREENAWAY, Circuit Judges.

(Filed: June 21, 2010)
_____

OPINION
_____

PER CURIAM

    Paul Johnson, proceeding pro se, appeals from the District Court's denial of his

motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582.  Because the appeal

does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In September 1996, Johnson pleaded guilty to conspiracy to distribute cocaine, cocaine base, and marijuana. Due to Johnson's prior convictions, the pre-sentence report designated him as a career offender under United States Sentencing Guidelines § 4B1.1. In February 1997, the District Court sentenced Johnson to 275 months of imprisonment.

In November 2009, Johnson filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce an imposed sentence based on a subsequent amendment to the United States Sentencing Guidelines if the amendment is named in the Sentencing Commission's policy statement (U.S.S.G. § 1B1.10) as one that may be retroactively applied. See United States v. McBride, 283 F.3d 612, 614-15 (3d Cir. 2002). Johnson requested relief pursuant to Amendment 706, which reduced by two levels the base offense level for certain crack cocaine offenses. See United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008). The District Court appointed counsel for Johnson, who later filed a successful motion to withdraw because she determined that Johnson's offense involved only powder cocaine, and not crack. The District Court then denied Johnson's § 3582(c)(2) motion. Johnson filed a timely notice of appeal.

II.

We have jurisdiction over the District Court's order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise de novo review over the District Court's interpretation of the Sentencing Guidelines. See United States v. Wood, 526 F.3d 82, 85 (3d Cir. 2008). We review the court's decision to deny a defendant's motion to reduce a sentence pursuant to § 3582(c) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Summary action is warranted when no substantial question is presented on appeal. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

The District Court did not abuse its discretion in denying Johnson's motion. Section 3582(c)(2) only applies if an applicable amendment lowers a defendant's sentencing range. Johnson is not entitled to relief under Amendment 706 because the applied sentencing guidelines were based solely on powder cocaine. Moreover, as the District Court noted, Johnson was sentenced as a career offender, and Amendment 706 does not apply to career offenders. See Mateo, 560 F.3d at 155. The District Court lacked jurisdiction to consider Johnson's other challenges to his sentence.[1]

Accordingly, we will summarily affirm the District Court's order denying Johnson's motion to reduce his sentence.

---

[1]Johnson also complains that the drugs in his case were not converted to marijuana; he requests that the District Court convert the drugs to marijuana and recalculate the drug quantities "with cocaine base being computed at a 1 to 1." This claim is not cognizable in a § 3582(c)(2) proceeding.

3