NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2518
_____

UNITED STATES OF AMERICA

v.

RANDOLPH SANDERS,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-366)
District Judge:  Hon. James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010

Before:  JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed December 17, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Randolph Sanders appeals a May 14, 2008 judgment of the United States District

Court for the Eastern District of Pennsylvania sentencing him to a mandatory minimum

term of imprisonment pursuant to a plea agreement.  His attorney has moved to withdraw

under *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's judgment.

## I. Background

On November 14, 2006, Sanders was stopped by two police officers after failing to use a turn signal while crossing two lanes of traffic. Upon approaching the vehicle to investigate, one of the officers observed a bag containing a white powdery substance on the floor behind the passenger seat. Sanders was cited for an illegal lane change, and the officers seized the bag, which contained 995 grams of cocaine.

Sanders was indicted for possession with intent to distribute 500 grams or more of cocaine. The government filed an Information Charging Prior Offenses, pursuant to 21 U.S.C. § 851, which listed three convictions Sanders had in 1997, including one for possession with intent to deliver cocaine. After the District Court denied Sanders's motion to suppress, the parties entered into a written plea agreement, whereby Sanders pled guilty to the sole count of the indictment. In the plea agreement, Sanders "voluntarily and expressly waived all rights to appeal … his conviction, sentence, or any other matter relating to [his] prosecution" with the limited rights reserved to appeal the District Court's denial of the motion to suppress and the District Court's sentencing.

The Sentencing Guidelines recommended a sentencing range of 57-71 months; however, the provisions of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) provided for a mandatory minimum of 10 years' imprisonment and maximum of life imprisonment due to Sanders's prior conviction for a felony drug offense. At the change of plea hearing, the District Court informed Sanders that he was facing a mandatory 10 year sentence in

2

accordance with the plea agreement. The Court also advised and confirmed that Sanders understood the scope and conditions of his express waiver of his rights to appeal. In May 2008, Sanders was sentenced to 10 years' imprisonment, 8 years' supervised release, a $5,000 fine, and a $100 special assessment.

Five days after sentencing, Sanders's attorney filed a Notice of Appeal and, thereafter, a motion to withdraw as counsel in the case. The District Court granted the motion to withdraw and ordered new counsel to be appointed. Newly appointed counsel also filed a motion to withdraw and a supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), expressing his belief that Sanders's "appeal present[ed] no issue of even arguable merit." Sanders did not file a brief.

## II. Discussion[1]

Under *Anders v. California*, 386 U.S. 738 (1967), counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We exercise plenary review to determine whether there are any such issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) ("[T]he appellate court … must … itself … decide whether the case is wholly frivolous." (internal quotation marks and citation omitted)). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

We implement *Anders* through our Local Appellate Rule ("L.A.R.") 109.2(a), which provides, in relevant part, as follows:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a) (2010). We ask two principal questions when counsel proceeds under *Anders*: whether counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a), and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

With respect to the first question, the fulfillment of the requirements of L.A.R. 109.2(a) often turns, as it does here, on the adequacy of counsel's supporting brief. To be adequate under L.A.R. 109.2(a), an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Youla*, 241 F.3d at 300; (2) identify issues that might arguably support appeal, *see Smith v. Robbins*, 528 U.S. 259, 285 (2000); and (3) "explain why th[ose] issues are frivolous[,]" *Marvin*, 211 F.3d at 780. "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record. *Youla*, 241 F.3d at 300.

With respect to the second question, we review the record to determine whether the appeal "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10 (1988). When the *Anders* brief is adequate, we confine our review to

4

portions of the record implicated by the *Anders* brief. *Youla*, 241 F.3d at 301. When the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id.* Regardless of the adequacy of the *Anders* brief, we may affirm the District Court without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

A.     *Adequacy of the Anders Brief*

The *Anders* brief identifies four potentially appealable issues: whether the sentence exceeded the statutory maximum; whether the District Court erroneously departed upward from the Sentencing Guidelines; whether the District Court abused its discretion by imposing an unreasonable sentence above the Sentencing Guideline range; and whether the District Court erred in denying Sanders's motion to suppress. Particularly in light of the plea agreement's limitations on Sanders's appeal rights, the *Anders* brief demonstrates that counsel adequately examined the record and properly identified each issue which might arguably support an appeal. Furthermore, we are satisfied that counsel accurately explained in the *Anders* brief why the issues on appeal are frivolous. Accordingly, we conclude that counsel's *Anders* brief is adequate.

B.     *No Nonfrivolous Issues*

Because the *Anders* brief is adequate, we limit our review to the portions of the record implicated by the *Anders* brief.

5

1.      *Sanders's Sentence*

We review *de novo* a District Court's interpretation of the Sentencing Guidelines and scrutinize for clear error any findings of fact used in calculating the sentence. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). Because Sanders had a prior conviction for a felony drug offense, he faced a mandatory minimum term of 10 years' imprisonment and maximum term of life imprisonment. 21 U.S.C. § 841(b)(1)(B).[2] The 10 year sentence imposed by the District Court was within the statutorily prescribed guideline range, and was, in fact, the minimum permitted. Any issue raised with respect to Sanders's sentence would thus be frivolous.

2.      *Denial of Motion to Suppress*

We review the denial of a motion to suppress for clear error as to the underlying facts and conduct plenary review of the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). In denying Sanders's motion to suppress, the District Court found the testimony of the arresting officer about Sanders's traffic violation to be credible. Accordingly, the District Court upheld the subsequent seizure of narcotics that the officers observed in plain view.

A police officer may lawfully stop a motorist if the officer observes a violation of a state traffic regulation. *See Whren v. United States,* 517 U.S. 806, 810 (1996) (holding that "the decision to stop an automobile is reasonable where the police have probable

---

[2] *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

cause to believe that a traffic violation has occurred"). Once lawfully detained, an officer may then seize any incriminating evidence that is in plain view. *See Horton v. California*, 496 U.S. 128, 141 (1990) ("[T]he seizure of an object in plain view does not involve an intrusion on privacy.").

Here, the record clearly establishes that the arresting officers observed Sanders violate the Pennsylvania Vehicle Code when he failed to use a turn signal while changing lanes. Sanders has presented no evidence to counter the officers' observations. Therefore, the arresting officers were authorized to stop and detain Sanders in order to investigate the traffic violation. While doing so, the officers observed in plain view a package that contained a large quantity of white powder and they lawfully seized it. Accordingly, we agree with counsel's *Anders* brief that there is no nonfrivolous issue relating to the District Court's denial of the motion to suppress.

## III.   Conclusion

For the foregoing reasons, we grant the motion to withdraw and affirm the District Court's judgment.