NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2438
_____

UNITED STATES OF AMERICA

v.

DARIN RICHARDSON,
                              Appellant.
_____

On Appeal from the United States District Court
For the District of New Jersey
(No. 08-cr-00292-1)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2011

BEFORE: FUENTES, CHAGARES, Circuit Judges, and
RESTANI, Judge[*]

(Opinion Filed: December 21, 2011 )
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

        Darin Richardson appeals his final sentence, following his guilty plea to one count

of distribution and possession with intent to distribute heroin in violation of 21 U.S.C.

_____

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

1

§§ 841(a)(1), (b)(1)(C). He argues that the District Court erred: (1) in consulting the 2008 Federal Sentencing Guidelines Manual, instead of the 2006 version, when imposing his sentence; (2) in determining that his prior state criminal convictions were not "related" for purposes of U.S.S.G. § 4A1.2; (3) in classifying him as a career offender under U.S.S.G. § 4B1.1; (4) in denying his motion for a downward departure; and (5) in imposing a substantively unreasonable sentence.

For the reasons that follow, we will affirm the District Court's Order and Sentence.

I.

Because we write primarily for the parties, we discuss only those facts relevant to our analysis. In the summer of 2008, following a nine-month investigation by the U.S. Drug Enforcement Agency, Richardson was arrested and charged with one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On July 24, 2008, Richardson appeared before the District Court and, subject to a written plea agreement, entered a guilty plea to Count II of the Indictment. In the plea agreement, Richardson stipulated that he had three prior convictions for the distribution of a controlled dangerous substance. In the fall of 1991, Richardson received a single, concurrent sentence for the three prior convictions in one consolidated proceeding. He was released from a New Jersey state penitentiary in 1992.

Prior to Richardson's sentencing on the current charges, the Probation Office filed a presentence investigation report, applying the 2008 Federal Sentencing Guidelines.

2

Noting his three prior convictions, the Probation Office recommended that Richardson be sentenced as a career offender. Richardson objected to the use of the 2008 Guidelines, asserting that application of the 2006 Guidelines would preclude a career offender classification. He maintained that, under the 2006 Guidelines, "cases which have been consolidated for sentencing are classified as being 'related' and warrant scoring as a single criminal conviction." PSR at 18. The Probation Office filed a second addendum to the final presentence report, which rejected Richardson's argument that the 2006 Guidelines would produce a more favorable result. Richardson then moved for a downward departure. He argued that "the prior convictions were so old that rigid adherence to the Guidelines analysis overstated [his] criminal history" and would result in "substantial hardship" to his family. Richardson br. at 4.

At his sentencing hearing, the District Court held that Richardson's prior convictions were not "related" under either the 2006 or the 2008 versions of the Guidelines because each conviction was separated by an intervening arrest.[1] In imposing a career offender enhancement, the court assigned Richardson an offense level of 29 with a criminal history category of IV, yielding a total advisory sentence range of 151 to 188 months' imprisonment. After hearing further arguments by both parties, the District Court declined Richardson's request for a downward departure, finding a variance

---

[1] As correctly noted by the district judge, the 2005 version was in at the time Richardson was arrested. *See* DA49:5-15. Nevertheless, the 2005 and 2006 versions of federal sentencing guidelines do not differ in ways relevant to this appeal, since both contain the same application note with regards to "related" offenses under § 4A1.2.

3

unwarranted under the circumstances. On May 1, 2009, the court imposed a sentence of 151 months.

This timely appeal followed.[2]

II.

We turn first to Richardson's argument that the District Court erred in applying the 2008 Federal Sentencing Guidelines. The essence of Richardson's challenge is that the 2006 sentencing guidelines should apply because they are more favorable to his particular circumstances. Specifically, Richardson contends that application of the 2006 Guidelines would allow him to argue that his three prior convictions were consolidated and "related" for purposes of § 4A1.2. We disagree.

As a threshold matter, we exercise plenary review over the District Court's interpretation of the Federal Sentencing Guidelines. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006). The United States Sentencing Commission mandates that a federal court "shall use the Guidelines Manual in effect on the date that the defendant is sentenced," except when such application would violate the *ex post facto* clause of the United States Constitution. U.S.S.G. § 1B1.11(a), (b). Generally, a violation of the *ex post facto* clause occurs when a federal court applies "a law enacted after the date of the offense that 'inflicts a greater punishment[] than the law annexed to the crime when committed.'" *United States v. Pennavaria*, 445 F.3d 720, 723 (3d Cir. 2006) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)).

---

[2]     The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Even if Richardson could raise a viable *ex post facto* claim, the consideration of the 2008 Guidelines did not result in a harsher punishment for Richardson. The text of Application Note 3 in the 2006 Guidelines provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. 3 (2006). Incorporating the relevant commentary note, § 4A.1.2(a)(2) of the 2008 Guidelines now reads, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2) (2008). Thus, as the District Court determined, an intervening arrest, whether considered under the 2006 version or the 2008 version, precludes counting prior convictions as "related" for the purposes of § 4A1.2.

Richardson further relies on a specific provision of the 2006 Guidelines, which states that "[p]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. 3 (2006). However, as Richardson concedes, the rule of Application Note 3 applies only if offenses were not separated by an intervening arrest. Here, as part of his guilty plea, Richardson stipulated that he had been arrested on three occasions for three separate drug-related offenses. Hence, whether Richardson's sentence was calculated under the 2006 or 2008 Guidelines, the argument that his three prior convictions are "related" is unavailing. Further, application of the 2008 Guidelines was not only within the sound discretion of the district court judge, but mandated by the United States Sentencing

Commission.

Next, Richardson maintains that the District Court erred in finding him to be a career offender. The Federal Sentencing Guidelines classifies a defendant as a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2008). Because the state prosecutor consolidated his prior convictions for sentencing on the same day, Richardson argues, his convictions were consolidated, thereby resulting in a single related conviction. However, we have already ruled that "the imposition of sentences for multiple offenses at the same time by the same judge does not render the cases 'consolidated for sentencing,' and, therefore, related within the meaning of § 4A1.2(a)(2)." *United States v. Wood*, 526 F.3d 82, 87 (3d Cir. 2008). Because Richardson's prior convictions are not related under either version of the Guidelines, the District Court did not abuse its discretion in classifying him as a career offender under U.S.S.G. § 4B1.1. Similarly, there is no merit to Richardson's argument that the District Court erred in imposing a total of nine criminal history points for his prior convictions, and thus we deny his appeal for a category reduction in his criminal history.[3]

### III.

Finally, in evaluating Richardson's claim that the District Court's sentence of 151 months is substantively unreasonable, we review the substantive reasonableness of that

---

[3] As the Government properly indicates in its brief, this Court lacks appellate jurisdiction to review the denial of a downward departure application. *See United States v. Khalil*, 132 F.3d 897, 898 (3d Cir. 1997) (declining to review appeals by defendants challenging the extent of a downward departure).

sentence for an abuse of discretion. *Wood*, 526 F.3d at 85 (citing *Gall v. United States*, 552 U.S. 38, 41 (2007). Applying that standard, we will affirm.

The District Court imposed a sentence at the bottom of the applicable guidelines range based on Richardson's particular circumstances. Moreover, a careful review of the record demonstrates that the District Court carefully considered all of the arguments advanced and discussed the relevant factors governing the imposition of a sentence under 18 U.S.C. § 3553(a). *See United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008) (noting that the record must reflect meaningful consideration of the § 3553(a) factors to support the sentencing conclusion). Equally important, the defendant bears the burden of proving that a within-guideline sentence is unreasonable. *United States v. Cooper*, 437 F.3d 324, 331-332 (3d Cir. 2006). While we recognize the hardship associated with caring for his children and the fourteen-year lapse between his prior convictions and now, Richardson fails to satisfy the burden of proving that his sentence was substantively unreasonable.

Because we believe that the District Court, considering the arguments of both parties, had "a reasoned basis for exercising [its] own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), we conclude that the District Court did not err when it imposed a sentence of 151 months' imprisonment.

## VI.

For the above reasons, we will affirm the District Court's Order and Sentence.