NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2059
_____

UNITED STATES OF AMERICA

v.

MAURICE OUTEN,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-09-cr-00170-001
District Judge: The Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 21, 2013

Before:  AMBRO, SMITH, and CHAGARES, *Circuit Judges*

(Filed:  December 2, 2013)

_____

OPINION

_____

SMITH, *Circuit Judge*.

Maurice Outen ("Outen"), an inmate convicted of possession with intent to distribute cocaine base ("crack"), appeals from an order of the United States District Court for the Middle District of Pennsylvania denying Outen's motion for a reduction in sentence to 87 months and holding that Outen's sentence could only be reduced to 120 months, the mandatory minimum sentence at the time Outen was convicted. For the reasons set forth below, we will affirm.

On January 7, 2010, a jury found Outen guilty of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Outen was sentenced in May 2010. Under the then-current version of the United States Sentencing Guidelines Manual (the "Sentencing Guidelines"), the range for Outen's sentence was 121 to 151 months. Additionally, because his offense involved more than 50 grams of a mixture or substance containing a detectable amount of cocaine base, pursuant to the then-current version of 21 U.S.C. § 841(b), Outen was subject to a mandatory minimum sentence of 120 months. The United States District Court for the Middle District of Pennsylvania sentenced Outen to a term of imprisonment of 136 months.

After Outen was sentenced, Congress passed the Fair Sentencing Act (the "FSA") "[t]o restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub.L. 111–220, 124 Stat. 2372 (2010). The FSA raised the quantities of

2

crack required to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b) from 5 grams to 28 grams for a 60-month minimum sentence and from 50 grams to 280 grams for a 120-month minimum sentence. The FSA also directed the United States Sentencing Commission to amend the Sentencing Guidelines to reflect the changes in the law resulting from the passage of the FSA. In response to this directive, the Sentencing Commission amended U.S.S.G. § 2D1.1 to decrease the offense levels applicable to specific weights of crack. In June 2011, the Sentencing Commission announced that these amendments to the Sentencing Guidelines would apply retroactively to offenders serving terms of imprisonment. This retroactivity became effective on November 1, 2011.

On June 14, 2012, Outen filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to 120 months (the mandatory minimum at the time he was sentenced) in light of the FSA and amendments to the Sentencing Guidelines. On July 13, 2012, Outen filed a supplemental motion, in which he argued that he should *not* be subject to the 120-month minimum sentence, and instead asserted that his sentence should be reduced to 87 months based on the revised mandatory minimum sentences enacted by the FSA. The United States Government agreed that Outen's sentence should be reduced under the retroactive Sentencing Guidelines, but contended that the revised mandatory minimum sentence enacted by the FSA did not apply to Outen because he was sentenced prior to the

3

enactment of the FSA. On April 3, 2013, the District Court denied Outen's supplemental motion to reduce his sentence to 87 months, but granted his motion to reduce his sentence to 120 months. This timely appeal followed.[1]

Outen concedes that, under this Court's precedent, the District Court had no legal authority to reduce his sentence below the 120-month mandatory minimum. Nevertheless, he brings this appeal to argue, for the purposes of issue preservation only, that the District Court erred in denying his supplemental motion to reduce his sentence below the 120-month mandatory minimum that was in effect at the time he was sentenced, and that the FSA mandatory minimum sentence should retroactively apply to defendants sentenced before the effective date of the FSA.

Outen's appeal raises only an issue of law, and thus our review is plenary. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009); *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). The District Court correctly held that the lower mandatory minimum sentence enacted by the FSA did not apply to Outen because he was convicted and sentenced prior to the effective date of the FSA. *See United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010); *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012). It properly held that *Dorsey v. United States*, 132 S. Ct. 2321 (2012), does not apply to Outen because *Dorsey* addresses the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

applicability of the FSA to defendants who were convicted of crack cocaine offenses prior to the FSA's effective date of August 3, 2010, but were sentenced after that date, whereas Outen was convicted and sentenced prior to the enactment of the FSA. *See Turlington*, 696 F.3d at 428 ("[*Dorsey*] does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA.").

After reviewing the record before us, we conclude that the District Court did not err in denying Outen's supplemental motion to reduce his sentence below 120 months. Accordingly, we will affirm.