NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4370
_____

UNITED STATES OF AMERICA

v.

DONTA JAVON BELL,
                              Appellant


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-08-cr-00059-001
District Judge: The Honorable Gary L. Lancaster

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 22, 2013

Before: AMBRO, SMITH and CHAGARES, *Circuit Judges*

(Filed: December 3, 2013)



_____

OPINION
_____

SMITH, *Circuit Judge.*

Donta Javon Bell ("Bell") is an inmate convicted of distribution and possession with intent to distribute 50 grams or more of cocaine base ("crack"). Bell appeals from an order of the United States District Court for the Western District of Pennsylvania that denied Bell's motion for a reduction in sentence to 87 months but granted Bell a reduction in sentence to 120 months (the mandatory minimum sentence at the time Bell was convicted). For the reasons set forth below, we will affirm.

In 2007, Bell sold 167.7 grams of crack to a confidential government informant in a series of controlled buys. He was arrested and indicted in connection with these drug transactions.

On July 24, 2008, Bell pled guilty to one count of distribution and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Under the then-current version of Section 2D1.1 of the United States Sentencing Guidelines, the guideline range for Bell's offense was 135–168 months. Since Bell's offense involved more than 50 grams of a mixture or substance containing a detectable amount of crack cocaine, under the then-current version of 21 U.S.C. § 841(b)(1)(A)(iii), Bell was subject to a mandatory minimum prison term of 10 years (120 months). On October 24,

2008, the District Court sentenced Bell to 135 months' imprisonment. Bell did not appeal his original sentence.

In August 2010—almost two years after Bell was sentenced—Congress passed the Fair Sentencing Act (the "FSA") in order "[t]o restore fairness to Federal cocaine sentencing." Pub. L. 111-220, 124 Stat. 2372 (2010). Among other changes, the FSA raised the quantities of crack required to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b). Relevant to Bell's case, the FSA raised the amount of crack required for a minimum 10-year sentence from 50 grams to 280 grams.

Congress gave the United States Sentencing Commission authority to implement amendments to the Sentencing Guidelines to conform the guidelines to the revised penalty structure in the FSA. In response, the Sentencing Commission amended U.S.S.G. § 2D1.1 to decrease the offense levels applicable to specific weights of crack. In June 2011, it was announced that the crack guideline amendments would apply retroactively to offenders serving terms of imprisonment. The retroactivity of the crack guideline amendments became effective on November 1, 2011.

On January 4, 2012, Bell filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence based on the FSA and crack guideline amendments. Bell urged the District Court to ignore the 10-year mandatory

3

minimum sentence that was in effect at the time he was convicted and argued that the District Court should reduce his sentence to 87 months, the lower parameter of his newly calculated guideline range under the FSA. The government did not oppose a sentence reduction in principle, but argued that the reduced sentence could not fall below the 10-year mandatory minimum to which Bell was subject at the time he was sentenced. On November 13, 2012, the District Court reduced Bell's sentence to 120 months but declined to reduce his sentence to 87 months. This timely appeal followed.[1]

Bell's appeal raises only an issue of law, and thus our review is plenary. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009); *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). The District Court correctly held that the lower guideline sentence of 87 months did not apply to Bell because he was convicted and sentenced prior to the effective date of the FSA. *See United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010); *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012). It properly held that *Dorsey v. United States*, 132 S. Ct. 2321 (2012), does not apply to Bell. *Dorsey* addresses the applicability of the FSA to defendants who were convicted of crack offenses prior to the FSA's effective date of August 3, 2010, but were sentenced after that date, whereas Bell was both

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

convicted and sentenced prior to the enactment of the FSA. *See Turlington*, 696 F.3d at 428 ("[*Dorsey*] does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA."). Thus, the District Court did not err in reducing Bell's sentence to 120 months while declining to reduce his sentence to 87 months.

Accordingly, we will affirm.